IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. KREMBEL, ) | |
| ) | |
| Plaintiff ) | No. 5:16 CV |
| ) | |
| vs. ) | |
| ) | COMPLAINT |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant ) | |

The plaintiff, Michael L. Krembel, by his counsel, complaining of the defendant, alleges and says that:

## JURISDICTION

1. This civil action is brought pursuant to the Federal Tort Claims Act of 1948 as amended, 28 U.S.C. 2671 et seq., and this Court has jurisdiction pursuant to 28 U.S.C. 1346(b).

## PARTIES

2. The plaintiff, Michael L. Krembel, is domiciled in the State of New York and has since approximately June 6, 2013 been incarcerated at the Federal Medical Center in Butner, North Carolina (FMC Butner).

3. FMC Butner is a facility operated by the Federal Bureau of Prisons, an agency of the United States Department of Justice, and thus an agency of the defendant, the United States of America.

## VENUE

4. Venue is properly in the Eastern District of North Carolina, 28 U.S.C. 113(a).

5. Michael L. Krembel was sentenced to a term of 132 months on August 28, 2008, United States v. Krembel, No. 6:08 CR 6109 (W.D.N.Y).

GRAVAMEN OF COMPLAINT

6. On or about June 6, 2013, Michael Krembel was transferred from the Federal Correctional Institution at Fort Dix, New Jersey (FCI Fort Dix) to FMC Butner.

7. At the time of his transfer from FCI Fort Fix to FMC Butner, Michael Krembel had a medical history that included a wound to his scalp resulting in a diagnosis of squamous cell carcinoma, for which he received treatment, including surgery, in New Jersey.

8. When Michael Krembel was transferred to FMC Butner, the BOP authorities at FMC Butner, including the medical providers, had access to all of his medical chart and records since his entry into the BOP system in 2008.

9. Because of his history of squamous cell carcinoma, Michael Krembel had a consultation at the Duke University Medical Center in Durham on July 8, 2013.

10. The Duke physician who examined Michael Krembel that date, Stanley Katz, M.D., wrote "[i]t is my strong opinion that the patient is a candidate for Mohs micrographic surgery, not only for the obvious reasons as stated above but also because of the location and the increasing size over the last few months in an area of a flap repair. This would be the true standard of care, and frankly due to the patient's good health and ability to tolerate such a procedure, I know nothing else that would be adequate other than this treatment. The patient will return for a follow up in approximately one month for evaluation, assuming the Mohs surgery is done as soon as

possible, which I again strongly recommend. This was discussed with the patient's family physician, Dr. Amy Rosenthal, and we both seemed to concur with this suggestion." Dr. Katz' Consultation Report is attached and incorporated herein as attachment 1.

11. The recommendations and results of Dr. Katz' examination of Michael Krembel were written in his medical file and provided to the BOP on July 9, 2013.

12. On July 9, 2013, Mr. Krembel had a consultation with other health care providers, including Dr. Daniel O. Cuscela, a radiation oncologist, Dr. Amy Jo Rosenthal, Associate Professor of Medicine at Duke and a staff physician at FMC Butner, and a physician's assistant, Williams. All three were in agreement with Dr. Katz' recommendation for MOHS surgery.

13. The information on the July 9, 2013 note was of course also communicated to the BOP.

14. On July 10, 2013, the FMC Butner Review Board approved the recommendation for MOHS surgery at Duke. The approval document is attached and incorporated herein as Attachment 2.

15. Despite the immediate need for MOHS surgery indicated by Dr. Katz (and approved by Michael Krembel's other medical providers) and despite the review board's approval of Dr. Katz' recommendation, a consultation with Dr. Jonathan Lambert Cook, Professor of Dermatology and Assistant Professor of Surgery at Duke, and the primary MOHS surgeon at Duke, was not scheduled until October 15, 2013.

16. On October 15, 2013 Dr. Cook, also agreed that MOHS surgery was necessary and that, due to the size of the probable wound, plastic surgery

would also likely be required. Dr. Cook wrote "I agreed with the prison staff physician that the Mohs surgical excision of this neoplasm would likely have the highest possibility of local tumor control" and that "[...] I would favor a Mohs surgical excision of this neoplasm [...]".  Dr. Cook further wrote that "[g]iven the recurrent nature of this neoplasm, I have asked Dr. Erdmann (plastic surgeon) to consider seeing Mr. Krembel as soon as possible."  Dr. Cook's note is attached and incorporated herein as Attachment 3.

17. The BOP was provided with Dr. Cook's notes.
18. On October 23, 2013, the review board at FMC Butner approved plastic surgery reconstruction after the planned, approved MOHS surgery, as set forth in Dr. Cook's Octber 15 notes.  The approval document is attached and incorporated herein as Attachment 4.
19. Despite the recommendations of several physicians, in writing, all of which were received by the BOP, and despite approval for MOHS surgery and related plastic surgery reconstruction by the FMC Butner Review Board, and despite the urgency of the need for MOHS surgery expressed by the physicians at Duke, the BOP did <u>not</u> make the arrangements to have MOHS surgery performed on Michael Krembel.
20. By the time Michael Krembel did receive treatment for his condition, despite the recommendations of the physicians at Duke, MOHS surgery was no longer considered feasible.  Rather, a Duke radiation oncologist, Daniel Cuscela, M.D., wrote on a visit of December 3, 2013, regarding Dr. Krembel, that "[h]e was referred to Dermatology and felt that he needed a Mohs surgery and biopsy of this area.  However the mass has been quite rapidly, exophytically and ulceratively with a crater and signs of an infectious

4

process and drainage as well as necrosis [...] clinically he appears to be a T4 with invasion into the skull, and is not a surgical candidate at this point." Dr. Cuscela's note is attached and incorporated herein as Attachment 5.

21. Thus, despite the recommendations of Michael Krembel's physicians at Duke, referenced above, and the approval of the FMC Butner review board, and despite the urgency expressed in the physicians' recommendations, Michael Krembel never received MOHS surgery. In fact, Michael Krembel received <u>no</u> treatment for his squamous cell carcinoma until radiation was begun on or about December 10, 2013.

<u>DUTY TO PROVIDE ADEQUATE MEDICAL CARE</u>

22. Pursuant to the Eighth Amendment of the United States Constitution, the defendant is prohibited from inflicting cruel and unusual punishment against prisoners such as Michael Krembel, in its custody.

23. To fulfill its Constitutional and statutory obligations to prisoners, such as Michael Krembel, pursuant to the Eighth Amendment and 18 U.S.C. 4042(a)(2), the defendant must provide adequate medical care to prisoners in its custody.

24. Michael Krembel's squamous cell carcinoma, well known to the defendant, as set forth above, was a serious medical condition in which the defendant had a duty to provide Michael Krembel with adequate medical care.

25. Michael Krembel's squamous cell carcinoma, well known to the defendant as set forth above, is a serious medical condition.

## BREACH OF DUTY/DELIBERATE INDIFFERENCE

26. Those individuals responsible for reviewing Michael Krembel's medical records, and the recommendations of his treating physicians, and follow up care, and implementing the recommendations of the Duke physicians in the period July - December 2013 were negligent in failing to follow through with the recommendations of his health care providers, of which they well knew and which had been approved.

27. Those individuals within the BOP, an agency of the defendant, responsible for reviewing Michael Krembel's medical records and the recommendations of his treating physicians, as well as the approval of MOHS surgery by the FMC Butner Review Board(s) were negligent and/or deliberately indifferent, in failing to follow through with those recommendations and approval(s).

28. Pushp K. Claudis, M.D. medical officer, FMC, Butner, in a medical summary for Michael Krembel dated October 21, 2014, wrote that he was "evaluated by a Dermatologist on 07/08/2013 recommended for him to have MOHS surgery. This surgery was approved by the URC on 07/10/2013. Unfortunately, this surgical procedure was not scheduled at all, reason is not clear to me. This however resulted in the delay in care of his cancer treatment. His cancer progressed during this time." Dr. Claudius' summary is attached and incorporated herein as Attachment 6, and is in his BOP medical chart.

29. The failure of the BOP, an agency of the defendant, to provide Michael Krembel with care in accordance with the known recommendations of is Duke physicians (and as approved by FMC Butner Review Board) was negligent and/or deliberately indifferent to Mr. Krembel's known, serious

6

medical needs and was further in violation of the statutory duty to provide for his care, 18 U.S.C. 4042 (a)(2).

30. The failure of the BOP to act timely on the recommendations of Michael Krembel's physicians and other health care providers, as set forth above, caused and/or contributed to his deteriorating medical condition as set forth in his medical records maintained by the BOP and as further set forth below.

DAMAGES

31. As a direct and proximate result of the defendant's negligence, as set forth above, Michael Krembel has suffered permanent and severe injuries and damages in at least the following ways:

   a) The cancer in his scalp was allowed to spread, and he contracted MERSA (Methicillin-Resistant Staphylococcus Aureus infection) in the BOP medical facilities;

   b) He was prevented from obtaining the suggested and "standard of care" treatment for his squamous cell carcinoma in a timely manner.

   c) He has suffered a more extensive, dangerous, life-threatening, painful and disfiguring series of procedures than otherwise would have been necessary;

   d) The cancer was allowed to spread, affecting other parts of Michael Krembel's body, negatively impacting his prognosis;

   e) He became infected and suffered through prolonged and medical treatments that would not have been necessary had the defendant timely acted in accordance with the recommendations of the treating physicians and requiring many medical procedures, medications and

7

Case 5:16-ct-03018-FL   Document 1   Filed 01/27/16   Page 7 of 9

delay in recovery, due to persistently contracting MERSA in the BOP's medical facilities;

f) He has suffered permanent and disfiguring injuries to his head and scalp;

g) He has a decreased life expectancy;

h) There is the possibility of death due to sustaining a fall or blow to the head as the skull defect is only protected with a thin skin graft, and;

i) He has suffered in such further and additional ways as may be apparent in his medical records and/or that further treatment and/or evidence may show.

32. For all the reasons set forth above, the plaintiff has been damaged in the amount of $750,000 and the defendant is justly indebted to him in that amount, together with the costs of this action, including but not limited to reasonable counsel fees pursuant to 28 U.S.C. 2678.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

33. All administrative remedies in connection with this claim have been exhausted, pursuant to 28 U.S.C. 2672. A claim was timely and properly filed on or about July 6, 2015. The claim was denied by the BOP by letter August 20, 2015, a copy of which is attached and incorporated herein as Attachment 7.

WHEREFORE the plaintiff, Michael L. Krembel, respectfully prays the Court:

A. For judgment against the United States of America in the principal sum of $750,000 with interest as allowed by law.

B. For reasonable counsel fees as allowed by law, of 25% of the judgment amount.

C. For the costs of this action and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

/s/ Bruce W. Berger
Bruce W. Berger
Attorney for the Plaintiff
4800 Six Forks Road-Suite 100
Raleigh, NC 27609
bwb@brucebergerlaw.com
(919)783-4779
Fax (919)783-9650
NCSB 14470

/s/ James B. Craven III
James B. Craven III
Attorney for the Plaintiff
P.O. Box 1366
Durham, NC 27702
JBC64@MINDSPRING.COM
(919)688-8295
Fax (919)688-7832
NCSB 997

9

Case 5:16-ct-03018-FL   Document 1   Filed 01/27/16   Page 9 of 9