IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-ct-03018-FL

MICHAEL L. KREMBEL,                     )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )          PROTECTIVE ORDER
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        Defendant.                      )

This is a Federal Tort Claims Act ("FTCA") action arising out of the Bureau of Prison's treatment and scheduling for treatment of Plaintiff concerning his squamous cell carcinoma ("SCC"). As part of the documents material to the merits of this case, Defendant wishes to disclose relevant portions of the contract between Defendant and UMass Medical School subject to a protective order.

It is hereby ORDERED that:

1. Pursuant to Fed. R. Civ. P. 26(a) and (e), the defendant shall produce relevant portions of the contract between Defendant and UMass Medical School, specifically those documents Bates stamped 18191-18242.

2. The relevant portions of the contract between Defendant and UMass Medical School produced pursuant to this Protective Order shall not be publicly disclosed, discussed, or disseminated

1

directly or indirectly by any person or entity with knowledge of this Protective Order except in accordance with the terms of this Protective Order. The relevant portions of the contract between Defendant and UMass Medical School and the information contained therein may be used only for the prosecution or defense of the above-captioned proceeding and not for any other pending or threatened proceeding, or any other business or other purpose whatsoever. Except as expressly permitted herein or by further order of the Court, the relevant portions of the contract between Defendant and UMass Medical School and the information contained therein shall be maintained and kept by the parties and all other person(s) permitted to receive copies of files, or portions thereof, as set out in paragraph 3 below ("Qualified Persons"), in a fully confidential manner, and shall not be given, shown, disclosed, disseminated, discussed or described, directly or indirectly, to or with any person(s) other than those set forth in paragraph 3 hereof ("Qualified Persons").

3. The following persons (hereinafter called "Qualified Persons") shall be the only persons who will be permitted to have access to relevant portions of the contract between Defendant and UMass Medical School, and such access shall be permitted subject to the limitations set forth below:

(a) Each counsel of record for a party in this case, including outside and in-house lawyers, and such lawyers'

staff to whom it is necessary that materials be disclosed for purposes of this proceeding.

(b) Each party, and any current or former partner, member, director, officer, employee or agent of a party who is requested by that party or any of its attorneys to assist in the prosecution of the claim or the preparation of the defense or to testify at a hearing in or trial of this proceeding;

(c) Independent experts or consultants retained by counsel for the purpose of assisting in this proceeding, including their staff to whom it is necessary that materials be disclosed for purposes of this proceeding, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this proceeding;

(d) Mediators and their staffs enlisted by all parties to assist in the resolution of this matter; and

(e) The Court and its personnel.

4. The parties shall notify all Qualified Persons who receive relevant portions of the contract between Defendant and UMass Medical School, or any portion thereof, in accordance with the foregoing paragraphs of this Protective Order of the obligation to keep such information confidential. These Qualified Persons shall acknowledge their commitment to preserve the confidentiality of all information so designated before each of the relevant portions

3

of the contract between Defendant and UMass Medical School ("Confidential Information") is provided to each Qualified Person. Qualified Persons may not retain copies of confidential documents or the information therefrom, and such persons must return all copies, including portions thereof, of the documents subject to this Protective Order to counsel of record who provided such documents or information to them when their participation has ended or their need to have such documents and information ends, whichever comes first.

5. Nothing in this Order waives any objection to discovery or use at hearing or trial. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial. In the event that any "confidential" document or information is used in any court proceeding, it shall not lose its confidential status under this Protective Order through such use, its use shall continue to be subject to the provisions of this Protective Order that are not inconsistent with other orders by the court regarding use at trial, and the parties shall take all steps reasonably required to protect the confidentiality of the files subject to this Protective Order, and all portions thereof, during such use.

6. Nothing herein shall limit a party's or her/its counsel's use of its own documents.

4

7. Each time a party seeks to file under seal any documents, things, and/or information produced pursuant to this Order, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request for seal be evaluated, whether any such seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

8. Upon the final conclusion of this proceeding, including all appeals:

a. The provisions hereof relating to the access to and use of the documents subject to the Protective Order and all confidential information therefrom shall continue to be binding on all persons entitled to access under the terms of this Consent Protective Order;

b. Plaintiff shall either return to the defendant all originals and copies of relevant portions of the contract between Defendant and UMass Medical School, including hearing exhibits, (including both paper and electronic versions); or destroy all originals and copies of relevant portions of the contract between Defendant and UMass Medical School.

It is so ORDERED this _____ day of _____, 2018.

_____
LOUISE WOOD FLANAGAN
United States District Judge